

**FILED**

JAN - 5 2023

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

Defendant's motion for
Emergency CARES Act
home Confinement under
28 U.S.C. 2241

1:23-cv-00021

~~1:23-cv-00009~~

Comes now Defendant Shemika Williams, pro se, and moves this Court to grant her Emergency motion for CARES Act home confinement.

Defendant is currently serving a 15 year sentence with a good time out date of 1/15/30. Defendant has served 50% of her Statutory time and is now eligible for CARES Act consideration.

Defendant submits she meets the CARES Act home confinement factors as stated in the Jan '21 memorandum. The memorandum outlines 9 factors for consideration. They are:

1. Verified home plan
2. Low or minimum recidivism
3. Low or minimum PATTERN
4. No gang activity while incarcerated
5. No history of violence
6. has a COVID-19 risk factor
7. No crime of violence, sex act, or terrorism
8. No incident reports within the last 12 mo.
9. has served 50% of Statutory time

Defendant submits she has a verified release plan attached as an exhibit. She has multiple COVID-19 risk factors included in her medical records also attached. She is a minimum in PATTERN score and recidivism, she has no history of violence as this is her first offense, No incident reports during her six years of incarceration and has served 50% of her statutory time. Defendant

further submits that while her current offense carries a gun charge she is not violent and falls squarely within the exception for CARES Act consideration based on her six years of outstanding accomplishments and achievements including earning her G.E.D. and becoming a plumbing apprentice. In addition she has completed drug treatment education, Trauma Courses and Cognative thinking Courses. Her 6 years of accomplishment and clear conduct demonstrate a person who is rehabilitated and is not a danger to Society.

Defendant has exhausted her administrative Remedies. She has asked for review by the warden and did not receive a response within 30 days. She asked for a BP9 and was refused the form due to Counselor not believing she had a valid complaint. She Can't proceed through remedies without access to the remedy forms. She can't obtain a BP10 without a BP9. She asked for the BP10 and was told she could not have the BP10 because her issue was not sensitive and she did not have a BP9 response. At this point defendant is proceedurally barred from her administrative remedies.

Defendant's medical issues are serious and put her at an increased risk for becoming seriously ill from COVID-19. It is imparative Defendant be granted CARES Act home confinement so that she can protect herself from this virus.

Currently there is no provider at Alderson FPC and Defendant is unable to get the care she needs for her underlying skin issues, which also make her vulnerable for infections and disease to enter her system making it much harder for her to fight a virus.

## Conclusion

Defendant moves this court to grant her Emergency motion for CARES Act home confinement.

Respectfully Submitted

Shemika Williams
Reg# 32023-171-B3
Federal Prison Camp
P.O Box A
Alderson WV 24910



⇔32023-171⇔
Clerk Us District Court
601 Federal ST
Room 1000
Bluefield, WV 24701
United States